Cynthia FLEMING, Plaintiff,

v.

**KEMPER NATIONAL SERVICES, INC., et al., Defendants.**

No. C–03–5135 MMC.

United States District Court, N.D. California.

May 7, 2004.

Daniel Mark Feinberg, Lewis & Feinberg, Oakland, CA, Cassie Springer–Sullivan, Lewis & Feinberg, Oakland, CA, for Cynthia Fleming, Plaintiff.

Alan Jacobus, Tressler, Soderstrom, Maloney & Priess, Costa Mesa, CA, Craig Gordon Penrose, Tressler Soderstrom Maloney & Priess, Chicago, IL, for Kemper National Services, Inc., Vodafone Americas Inc. Long–Term Disability Plan, Vodafone Americas Inc. Short-term Disability Plan, Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION; VACATING HEARING

CHESNEY, District Judge.

Before the Court is plaintiff Cynthia Fleming's ("Fleming") motion, filed April 5, 2004, for summary adjudication of the legal issue of the appropriate standard of review on her claims under the Employee Retirement Income Security Act of 1974 ("ERISA") for short-term and long-term disability benefits under defendant Vodafone Americas, Inc. ("Vodafone") Short–Term Disability Plan ("STD Plan") and defendant Vodafone Long–Term Disability Plan ("LTD Plan"). Having reviewed the papers submitted in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, *see* Civil L.R. 7–1(b), and hereby VACATES the May 14, 2004 hearing on the motion. For the reasons set

forth below, Fleming's motion is GRANTED, and the Court will apply *de novo* review to Fleming's ERISA claim for disability benefits under both the STD and LTD Plans.

## BACKGROUND

The following is taken largely from the allegations of the complaint. As the instant motion raises primarily a legal issue, many of the alleged facts are not currently at issue for purposes of the instant motion. To the extent any such facts are disputed, the Court, by setting them forth herein, does not intend to imply that it has resolved such disputes in favor of any party.

In 2001, Fleming began work as a senior financial analyst for Vodafone, and was a participant in both the STD Plan and the LTD Plan. (*See* Compl. ¶¶ 4–5, 7.) The Plans offered short-term and long-term disability benefits to employees, including Fleming, through an insurance policy issued by defendant Kemper National Services, Inc. ("Kemper"). (*See id.* ¶ 5.) Kemper acted as claims fiduciary and plan administrator for the Plans. (*See id.* ¶ 6.)

In February 2002, Fleming suffered a severe injury to her Achilles tendon. (*See id.* ¶ 8.) On June 28, 2002, she underwent surgery to correct severe ligament damage. (*See id.*) The surgery was unsuccessful and Fleming was diagnosed with Complex Regional Pain Syndrome/Regional Sympathetic Dystrophy. (*See id.*)

Fleming returned to work at Vodafone on a part-time basis in August 2002. (*See id.* ¶ 10.) On her doctor's recommendation, Fleming stopped working in November 2002. (*See id.*)

Kemper approved Fleming's application for short-term disability benefits on December 17, 2002, retroactive to November 25, 2002. (*See id.* ¶ 14.) On January 20, 2003, representatives from Kemper and Vodafone called Fleming and informed her that her short-term disability benefits would be terminated, effective January 23, 2003. (*See id.* ¶ 15.)

Fleming appealed Kemper's termination of her short-term disability benefits by letter dated February 7, 2003. (*See id.* ¶ 16.) Kemper denied Fleming's appeal by letter dated April 4, 2003. (*See id.* ¶ 18.)

By letter dated April 21, 2003, Kemper denied Fleming's application for long-term disability benefits. (*See id.* ¶ 19.) On May 15, 2003, Kemper informed Fleming that she needed to submit further information to appeal her claim for long-term disability benefits. (*See id.*)

After Fleming obtained counsel, she submitted a request for review on September 26, 2003, appealing Kemper's decision to deny both her short-term and long-term disability benefits. (*See id.* ¶ 20; *see also* Springer–Sullivan Decl. ¶¶ 2–3 and Ex. A.) In support of her request for review, Fleming submitted letters from her treating pain specialist, her treating primary care physician, and a physician's report obtained by the Employment Development Department, all of which concluded that Fleming could not perform her work at Vodafone. (*See* Compl. ¶¶ 21–23.) A vocational specialist also concluded that Fleming's condition precludes her from working in her job as a senior financial analyst. (*See id.* ¶ 24.)

To date, Kemper has not responded to Fleming's request for review. (*See* Springer–Sullivan Decl. ¶ 2.)

On November 19, 2003, Fleming filed the above-titled action, in which she alleges an ERISA claim, under 29 U.S.C. § 1132(a)(1)(B), for benefits under the STD and LTD Plans. On March 2, 2004, the Court denied defendants' motion to dismiss the action for failure to exhaust administrative remedies.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R.Civ.P. 56(c).

## DISCUSSION

Fleming moves for summary adjudication of the standard of review applicable to her ERISA claim for disability benefits under the STD and LTD Plans. Fleming contends that *de novo* review applies to both claims. Defendants argue that the Court must review Fleming's claims under the abuse of discretion standard.

Under ERISA, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" *See* 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that a "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). When the Court applies the *de novo* standard of review, the district court may admit additional evidence "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089, 1090 (9th Cir. 1999) (en banc) (citing *Mongeluzo v. Bax-ter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir.1995)).

If the benefit plan unambiguously gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the district court reviews a denial of benefits for abuse of discretion. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089, 1090 (9th Cir.1999) (en banc). When the Court applies the abuse of discretion standard of review, it may review only the evidence presented to the plan trustees. *See Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 553 (9th Cir.1995).

### A. The Language of the Plans

The STD and LTD Plans are both described in a single document, entitled "Disability Benefits." (*See* Springer–Sullivan Decl., Ex. C.) The document is divided into eight subsections: (1) Highlights of the Disability Plans, (2) Eligibility, (3) Enrollment, (4) When Coverage Starts, (5) Cost of Coverage, (6) STD Plan Summary, (7) LTD Plan Overview, and (8) LTD Plan Summary. (*See id.*) The first five subsections describe aspects of both the STD and LTD Plans, the sixth subsection describes only the STD Plan, and the seventh and eighth subsections describe only the LTD Plan. (*See id.*)

With respect to the STD Plan, the document states that "objective medical evidence" supporting the disability must be submitted, and "benefits must be approved by the Claims Administrator." (*See id.* at P0416.) The description of the STD Plan also states:

> After you report your STD claim, Kemper will review your claim and contact your treating physician to determine the nature and extent of your disability. Kemper will approve or deny disability benefits based on the information provided by your physician and, if appropri-

ate, by an independent medical examiner, in accordance with the STD plan. (*See id.* at P0420.) The STD Plan also provides that "benefits will be denied or end if the Claims Administrator (Kemper) determines" that the insured failed to provide physician certifications of disability. (*See id.* at P0422.) The STD Plan does not unambiguously give the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Kearney,* 175 F.3d at 1090 (holding plan language requiring "satisfactory written proof that you have become disabled" did not unambiguously confer discretion in the plan administrator).

By contrast, the LTD Plan Summary provides:

> Kemper reserves full discretion and authority to manage the Company's Participation Certificate, administer claims, and interpret all policy terms and conditions. This includes, but is not limited to, the right to:
>
> 1. Resolve all matters when a review has been requested;
> 2. Establish and enforce rules and procedures for the administration of the Company's Participation Certificate and any claim under it;
> 3. Determine your eligibility for coverage; and
> 4. Determine whether proof of your loss is satisfactory for receipt of benefit payments according to the terms and conditions of the Plan.

(*See id.* at P0433–034.) Defendants argue that because the above-quoted language is contained in the same document as the STD Plan Summary, the Court should interpret it to apply to the STD Plan as well. The above-quoted language, however, appears in a section generally headed "LTD Plan Summary." (*See id.* at P0414, P0427.) Because the document is, at best, ambiguous as to whether the quoted language applies to both plans, the Court

cannot say that it unambiguously grants Kemper discretion to determine eligibility for benefits under the STD Plan or to interpret the terms of the STD Plan. *See Kearney,* 175 F.3d at 1089–90 (holding where plan language can be interpreted both to grant discretion and not to grant discretion, plan does not unambiguously grant discretion).

Accordingly, the Court concludes that the plan language unambiguously grants Kemper the discretion to determine eligibility for benefits under the LTD Plan and to interpret the terms of that plan, but does not unambiguously grant Kemper the same discretion with respect to the STD Plan. Consequently, under *Firestone* and *Kearney,* based solely on the plan language, the Court ordinarily would review a denial of benefits under the STD Plan *de novo,* and would review a denial of benefits under the LTD Plan under the abuse of discretion standard. As explained below, however, the LTD Plan's complete failure to address Fleming's request for review requires *de novo* review of Fleming's claim for benefits under the LTD Plan as well.

**B. Defendants Have Not Exercised Their Discretion Under the LTD Plan**

On April 21, 2003, Kemper denied Fleming's claim for disability benefits under the LTD Plan on the ground that Fleming had not completed her Benefit Qualifying Period under the LTD Plan. (*See* Springer–Sullivan Decl. Ex. H.) Fleming appealed that decision and, on September 26, 2003, submitted supplemental documentation in support of her appeal, with Kemper's permission. (*See id.,* Exs. A and I.) It is undisputed that, to date, defendants have not ruled on Fleming's appeal of their initial denial of her claim for benefits under the LTD Plan. (*See id.* ¶ 2.)

The Code of Federal Regulations requires a plan administrator to notify a

disability benefits claimant of the plan's benefit determination on review within a reasonable period of time, but not later than 45 days after receipt of the request for review, unless the plan administrator determines that special circumstances require an extension of time for processing the claim. *See* 29 C.F.R. §§ 2560.503–1(i)(1)(i) and (i)(3)(i). "If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant" prior to the termination of the initial 45–day period. *See* 29 C.F.R. § 2560.503–1(i)(1)(i). The LTD Plan similarly provides: "Kemper will advise you of the results of Kemper's review within 45 days after Kemper receives your request, or within 90 days if there are special circumstances that require more time (such as the need to hold a hearing)." (*See* Springer–Sullivan Decl., Ex. C at P0434.) It is undisputed that, to date, Fleming has received no response whatsoever to her request for review. (*See* Springer–Sullivan Decl. ¶ 2.)

■ In *Jebian v. Hewlett–Packard Company Employee Benefits Organization Income Protection Plan*, 349 F.3d 1098 (9th Cir.2003), the Ninth Circuit addressed the standard of review to be applied to a plan's untimely ruling on the plaintiff's request for review. The plan at issue therein explicitly granted discretion to the plan administrator to construe the language of the plan and to decide appeals from denials of claims for benefits. *See id.* at 1103. The Ninth Circuit nonetheless held that when a plan fails to meet the deadline for issuing a decision on the plaintiff's request for review, and there is no evidence that the plan administrator was engaged in a good faith attempt to comply with the deadline when it lapsed, *de novo* review should be applied. *See id.* The court noted that "[d]eference to an exercise of discretion requires discretion actu-

ally to have been exercised." *Id.* at 1106. " '[W]here an ERISA plan gives a plan administrator or fiduciary discretion to decide certain issues, the fact that the administrator or fiduciary fails to address or decide those issues does not exempt those issues from de novo review by the district court on summary judgment.' " *Id.* (quoting *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1328 (8th Cir.1995)).

■ In the instant case, defendants failed to comply with the 45–day deadline imposed by the Code of Federal Regulations and the LTD Plan for deciding Fleming's request for review. (*See* Springer–Sullivan Decl. ¶ 2.) Even now, nearly eight months after Fleming submitted her supplemental documentation in support of her request for review, and nearly six months after Fleming filed her complaint in this Court, Fleming still has received no ruling, or any other response, to her request for review. (*See id.*) As defendants have submitted no evidence as to the reasons for the delay in processing Fleming's request for review, the Court cannot find that defendants were engaged in a good faith attempt to comply with the regulatory deadline such as would justify application of *de novo* review despite their failure to rule in a timely manner on Fleming's appeal. *See Jebian*, 349 F.3d at 1103. In short, the Court cannot apply the abuse of discretion standard because there is no decision on Fleming's appeal to which the Court can defer.

Accordingly, even though the LTD Plan grants discretionary authority to the plan administrator, defendants' complete failure to address Fleming's request for review requires the Court to apply *de novo* review.

## C. Recent Developments at the California Department of Insurance

As a result of the above rulings, the Court will apply *de novo* review to Flem-

ing's ERISA claim for benefits under both the STD and LTD Plans. Consequently, the Court does not reach Fleming's additional argument that the California Department of Insurance's recent statements that discretionary clauses in disability insurance contracts violate California law also require the Court to apply *de novo* review.

## CONCLUSION

For the reasons set forth above, Fleming's motion for summary adjudication is GRANTED, and the Court will apply *de novo* review to Fleming's ERISA claim for disability benefits under both the STD and LTD Plans.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**